**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| AUGUSTO RAMIREZ, | ) | No. CV 09-4626 MMM (CW) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Social Security Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

For reasons stated below, this action is dismissed for failure to effect service of process, failure to prosecute, and failure to comply with court orders.

**BACKGROUND**

Plaintiff Augusto Ramirez, who is pro se, filed the instant complaint, challenging a denial of benefits by the Commissioner of Social Security, on June 30, 2009. On July 7, 2009, the court issued an "Order Re: Further Proceedings" instructing Plaintiff, among other things, to proceed with service of the summons and complaint on Defendant as required by Rules

-1-

4(i)(1)(A), 4(i)(1)(B), and 4(i)(2) of the Federal Rules of Civil Procedure, with a copy of these rules attached to the court's order for Plaintiff's reference. The order further instructed Plaintiff to file a proof of service with the court after service was effected and informed Plaintiff that failure to comply with these instructions would result in an issuance of an order to show cause why the complaint should not be dismissed for failure to prosecute. Plaintiff did not respond to the order or otherwise communicate with the court, and there is no evidence that Plaintiff effected service of process as required.

On February 1, 2010, the court issued an order informing Plaintiff that his complaint was also subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which requires that service of process be made within 120 days of the filing of the complaint. Plaintiff was ordered to show cause in writing, on or before February 16, 2010, why the instant action should not be dismissed. Plaintiff was informed that failure to comply with the order would result in dismissal of the action for failure to prosecute and failure to comply with court orders. Plaintiff did not respond to the order or otherwise communicate with the court.

## DISCUSSION

Fed. R. Civ. P. 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected with a specified time; provided that if the plaintiff shows good cause for the

-2-

>       failure, the court shall extend the time for service
>       for an appropriate period.

In light of Plaintiff's failure timely to serve the Defendant, Social Security Commissioner, the instant action is subject to dismissal under this rule.

Moreover, it is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with court orders).

In the present action, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal. Plaintiff has not prosecuted this action by responding to any of the court's orders despite being warned of the consequences of

1  such failure.  This hinders the court's ability to move this
2  case toward disposition and suggests that Plaintiff does not
3  intend to litigate this action diligently.
4       The third factor -- prejudice to defendants -- also weighs
5  in favor of dismissal.  A rebuttable presumption of prejudice to
6  a defendant arises when a plaintiff unreasonably delays
7  prosecution of an action.  <u>Eisen</u>, 31 F.3d at 1452-53.  Nothing
8  suggests that such a presumption is unwarranted in this case.
9       The fourth factor -- public policy in favor of deciding
10 cases on the merits -- ordinarily weighs against dismissal.
11 However, it is a plaintiff's responsibility to move towards
12 disposition at a reasonable pace and avoid dilatory and evasive
13 tactics.  <u>See</u> <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th
14 Cir. 1991).  Plaintiff has not discharged this responsibility,
15 despite having been instructed on his responsibilities, granted
16 sufficient time in which to discharge them, and warned of the
17 consequences of failure to do so.  In these circumstances, the
18 policy favoring resolution of disputes on the merits does not
19 outweigh Plaintiff's failure to obey court orders or to file
20 responsive documents within the time granted.
21      The fifth factor -- availability of less drastic sanctions
22 -- also weighs in favor of dismissal.  The court cannot move the
23 case toward disposition without Plaintiff's compliance with
24 court orders or participation in this litigation.  Plaintiff has
25 shown that he is either unwilling or unable to comply with court
26 orders by filing responsive documents or otherwise cooperating
27 in prosecuting this action.  Other possible sanctions for
28

-4-

Plaintiff's failures do not reasonably appear likely to assure future compliance.

Under these circumstances, dismissal for failure to prosecute is proper. Such a dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, Plaintiff was clearly warned in the court's February 1, 2010 order that dismissal would result from his failure to comply with the court's directions, but failed to fulfill his obligations or respond in any way to the court. Under these circumstances, dismissal is warranted.

**ORDERS:**

Accordingly, the above-entitled action is dismissed without prejudice for failure to effect service of process, failure to comply with court orders, and failure to prosecute. The Clerk of the Court shall serve this Order and the Judgment herein on all parties and counsel.

DATED: March 26, 2010

_____
MARGARET M. MORROW
United States District Judge

Presented by:
Dated: March 5, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

-5-